322  FORTY-FIFTH ALABAMA.

Mayor, Aldermen, &c., of Mobile v. Royal Street Rail Road Co.

## MAYOR, ALDERMEN, &c., OF MOBILE vs. ROYAL STREET RAIL ROAD COMPANY.

[ BILL IN EQUITY TO ENJOIN CORPORATE AUTHORITIES FROM COLLECTING ASSESSMENT AGAINST PROPERTY OF STREET RAIL ROAD TO DEFRAY EXPENSE OF PAVING STREET, &C. ]

1. *The case of the Mayor, Aldermen and Common Council of Mobile v. Dargan, Ex'r, present term, reaffirmed.*

2. *Section 58 of charter of Mobile; is void.*—Section 58 of the charter of Mobile being in conflict with the constitution of the State, and therefore void, a street railroad company in the city of Mobile can not be compelled to contribute to the improvement of a street on which its railroad is built, in the manner prescribed by said section.

3. *Street rail roads; how only can be compelled to contribute to improvement of street, under act authorizing construction of.*—A street rail road company in Mobile can not be compelled to pay any sum as a contribution or assessment to defray the expenses of paving the streets on which its road is built, under the second section of the act authorizing the construction of street rail roads, (Acts 1859–60, pp. 261, 262,) unless said company has incurred fines to the amount of such assessment under such act.

APPEAL from Chancery Court of Mobile.

Heard before Hon. ADAM C. FELDER.

The facts of this case are very similar to those in *Mayor, Aldermen, &c., of Mobile v. Dargan, Ex'r,* reported on pages 310–21 of this volume, the material difference being, that in this case the appellee did not own any real estate along the street improved, but owned a street rail road franchise and operated a street rail road on and over the street improved. Section 94 of the charter of Mobile provides for contributions from property "through or over which the improvement may be made," when one fourth or more of the owners of the property, &c., desire the improvement.

Under the charter, an assessment of $798 57 was made against appellee, and a warrant placed in the hands of the city tax collector to enforce payment of the same; whereupon appellee filed a bill to enjoin the collection of said assessment, alleging, among other grounds, that the laws, or provisions of the charter, authorizing such assessment

JANUARY TERM, 1871.           323

Mayor, Aldermen, &c., of Mobile v. Royal Street Rail Road Co.

were unconstitutional, &c.  The chancellor, on the final hearing, granted a perpetual injunction.

P. HAMILTON and ALEX. McKINSTRY, for appellant.
E. S. DARGAN, *contra.*

[No briefs came into Reporter's hands.]

PETERS, J.—The facts in this case are almost the same with those in the case of *The Mayor, Aldermen and Common Council of Mobile v. Dargan,* decided at the present term, except in the name of the appellee, and the further fact that the appellees owned no property on the street sought to be improved.  They were merely the owners of the franchise of their rail road along the street proposed to be paved.  Then, so far as the two cases are parallel in their facts, they must be governed by the same law.

But in this case it is somewhat insisted that the corporate authorities of the city had the power, under the rail road franchise, to compel the company to make the improvement mentioned.  The only portion of the act giving authority to form the rail road company and to allow the right and privilege of building and constructing the rail road on and along the street or streets, or on any land belonging to the city, touching this question, is in these words : " That all rail ways, and a space of three feet on each side of the track of every rail way constructed in the city of Mobile, shall always be kept shelled, paved, or planked, at the expense of the company or persons authorized to construct or work such rail way, under a penalty of five dollars·for every day such duty is neglected after warning given by the city engineer of Mobile, or under his authority, that the same is not properly attended to ;  said fines to be collected by the mayor of Mobile, in the same manner as fines for ·the violation of the city ordinances are enforced and collected under the provisions of existing laws."—Pamph. Acts 1860, pp. 261, 262, § 2.  The attempt which the bill in this case is filed to restrain and enjoin, is altogether different from an enforcement of the collection of a fine incurred by a violation of the above cited law.

Here, the allegations of the bill charge that the city authorities contracted with certain persons to pave the street along which the complainant's rail road is built, with Nicholson pavement. When the work was finished, a contribution amounting to seven hundred and ninety-eight dollars and fifty-seven cents was levied on the said complainants as their portion of the whole sum contracted by the corporate authorities of the city of Mobile to be paid for the pavement thus made, under the Nicholson patent. And this contribution, if not paid in thirty days after notice, is to be collected by sale of the company's effects on process equivalent in its force to an execution on a judgment, by the tax collector of the city. This is certainly such an invasion of the company's rights of property as is repugnant to the present constitution of the State. It is a forced payment for a public work, against the consent of the party whose property is seized and threatened to be sold without compensation, and for an amount not ascertained in a manner that the city taxes are authorized to be assessed and collected, nor against the rail road company as a party to be benefitted by the improvement. It is therefore unsupported by authority of law.—*Mayor, Aldermen and Council of Mobile v. Dargan, Ex'r*, present term.

Let the decree of the chancellor be in all things affirmed.